IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY ANTHONY GETTIS, III,
    Petitioner,

vs.                           Case No. 3:08cv91/MCR/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the court on Petitioner's "Motion for Default/Summary Judgment" (Doc. 13). Petitioner seeks a default judgment on the ground that Respondent was directed to file an answer on or before July 15, 2008, and failed to do so (*id.*).

    Initially, the basis for Petitioner's request for a default judgment is frivolous. On March 25, 2008, the court directed Respondent to file an answer to the habeas petition within sixty days (Doc. 6). On May 29, 2008, the court granted Respondent's motion for extension of time, thereby extending the deadline to July 14, 2008 (Doc. 10). On July 14, 2008, Respondent filed a second motion for extension of time, which the court granted on July 15, 2008, thereby extending the deadline for filing an answer to August 18, 2008 (Doc. 12). Because Respondent has not failed to plead or otherwise defend this action within the time limitation established by the court, Petitioner is not entitled to a default judgment. *See* Fed. R. Civ. P. 55. Additionally, the Eleventh Circuit has held that default judgments are inappropriate in habeas corpus cases. Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases. . . .").[1]

---

[1] Other circuits agree. *See, e.g.,* Lemons v. O'Sullivan, 54 F.3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments are not available in

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Motion for Default/Summary Judgment" (Doc. 13) be **DENIED**.

At Pensacola, Florida this <u>18th</u> day of July 2008.

>  <u>/s/ Elizabeth M. Timothy</u>
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).

Case No. 3:08cv91/MCR/EMT